Curia, per Johnston, Chancellor.
— The decree on the merits of this case is objected to, .because it draws a distinction between the money collected under the execution, and that which each party collected on his private account. But the Court is of opinion that the distinction is not only just, but legal. The bill itself, as well as the proof, shews that the interests, of the parties, in the execution are several: and indeed, the controversy between them was not whether their interests were joint, but what was the separate interest of each. The case made out, was that Thomas Roberts, being about to take a confession from the McHughs for 1200 dollars, in order to secure himself, kindly consented, at the suggestion of the debtors, to include in it 300 dollars, for the ‘ benefit of his absent brother. Except that costs were saved by this procedure,, it is as if two co-temporaneous judgments and executions had been signed. The sheriff would, in that case, have distributed the proceeds of any sale made under these executions, rateably between them. This is the principle upon which the decree, (in which the interest of the parties are regarded as several and unequal,) directed the *54 application of the money which was raised by process of law.
But the Court cannot perceive how this principle can be applied to the money received by each party on his own account. Regarding the judgment as including several interests, it appears that each party would have the same right to receive and retain money in satisfaction of his debt, as if each had, in fact, held a separate judgment; a right which cannot be doubted. The report of the commissioner upon the account, it is conceded, conformed to the directions given by the Court, and as no error is found in the directions, the confirmation of the report must, of course, be sustained. ,
The motion is refused.
J. JOHNSTON.